[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiff, Mortgage Electronic Registration Systems, Inc. ("MERS"), has brought an action on a promissory note and to foreclose a mortgage. The note and mortgage were allegedly signed by the defendants, Peter and Betty Anne Serencsics. The subject property is Unit 20-6 of Westwood Village, located at 55 Mill Plain Road. MERS alleges that the promissory note is in default and that the indebtedness has been accelerated. In their answer, the Serencsics deny that the note is in default and deny that they have failed to cure the default; they do not deny execution and delivery of the note and mortgage.
MERS now moves for partial summary judgment "as to liability only," which the Court understands to mean the issues of default under the note and the right to foreclose. In support of its motion, MERS has filed and served an affidavit of Kelly Riggle, a knowledgeable person, attesting to the authenticity of the note and mortgage papers and asserting that no payments have been made on the promissory note since February, 2000. According to Riggle, the plaintiff is the holder of the note and mortgage CT Page 14032 signed by the Serencsics, and the present indebtedness is in excess of $60,000.
The Serencsics, as noted above, answered the complaint, denying the default; however, they have not filed any papers in response to the summary judgment motion, and neither they nor their counsel appeared for argument on the motion, which took place on November 13, 2000.
Summary judgment may be granted when the Court finds that there are no disputed material facts, and the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. A material fact is a fact that would make a difference in the outcome of a case. See United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364 (1969). The summary judgment procedure is designed to expedite the resolution of cases and reduce litigation expenses where there is no real issue to be tried. SeeWilson v. New Haven, 213 Conn. 277 (1989). The motion should be decided only after the Court has viewed the evidence in the light most favorable to the non-moving party. See Hertz Corp. v. Federal Insurance Co.,245 Conn. 374 (1998). The party moving for summary judgment has the burden of proving what the facts are and that there is no real doubt about the lack of any genuine issue as to any material facts. See Millerv. United Technologies Corp., 233 Conn. 732 (1995). The party opposing summary judgment must do more than merely assert that there is a dispute as to material facts; it must submit some evidence that there is a genuine dispute. See Daily v. New Britain Machine Co., 200 Conn. 562
(1986); Hertz Corp. v. Federal Insurance Co., supra.
In this case, MERS has submitted evidence that viewed in the light most favorable to the defendants establishes that there has been a default on the promissory note, and under the terms of the note and mortgage, it is entitled to judgment and foreclosure of the mortgage. In contrast, the Serencsics have proffered nothing more than the denials asserted in their answer. They have not submitted anything in the way of evidentiary material to support their denials.
MERS has shown it is the holder of the note and mortgage, and the note is in default giving it the right to accelerate. Upon default of the note, MERS is entitled to foreclosure. Summary judgment may enter on the issue of default and the right to foreclose. At an appropriate time, MERS may move for foreclosure.
Adams, J.